**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6157**

JEFFREY COHEN,

        Plaintiff – Appellant,

   and

DAMIEN RILEY; CHRISTOPHER PALMER; KENNETH BAINES; MARC
BARBER; FAISAL MAPANGALA,

        Plaintiffs,

      v.

ROD ROSENSTEIN, US Attorney; HARRY GRUBER, Asst. US
Attorney; JOYCE MCDONALD, Asst. US Attorney; LEAH BRESSACK,
Asst. US Attorney; BRANDIS MARSH, Asst. US Attorney; MATTHEW
HOFF, Asst. US Attorney; RACHEL YASSER, Asst. US Attorney,

        Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District
Judge. (1:14-cv-03996-WDQ)

Submitted: April 16, 2015        Decided: April 21, 2015

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey Cohen, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Brian Cohen appeals the district court's orders dismissing without prejudice his Bivens[1] complaint against seven federal prosecutors, pursuant to 28 U.S.C. § 1915(e) (2012), and denying his Fed. R. Civ. P. 59(e) motion for reconsideration.[2] Among other reasons, the district court dismissed Cohen's complaint because proceeding with Cohen's civil claim for violation of his speedy trial rights would necessarily implicate the validity of any conviction or sentence resulting from his still-pending criminal case. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). We have reviewed the record and find no reversible error. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] We conclude that the district court's orders are final and appealable as no amendment to the complaint could cure at least one of the defects identified by the district court. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993).